UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HOLLY, | No. 2:16-cv-0121 GGH P |
| Petitioner, | |
| v. | ORDER |
| EDMUND G. BROWN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner challenges the 2015 decision by the Governor reversing the California Board of Parole Hearings (BPH) decision finding him suitable for parole.

Review of the federal habeas petition and attached exhibits demonstrates that petitioner is not entitled to relief on the grounds alleged, thus requiring dismissal of the petition. See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition....").

In 2011, the United States Supreme Court overruled a line of Ninth Circuit precedent that

---

[1] This action is before the undersigned pursuant to petitioner's consent to proceed before a magistrate judge. 28 U.S.C. § 636(c).

1

had supported habeas review in California cases involving denials of parole by the BPH and/or the governor.  See Swarthout v. Cooke, 562 U.S. 216, 131 S.Ct. 859, 861 (2011).  The Supreme Court held that federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole decisions.  Because habeas relief is not available for errors of state law, and because the Due Process Clause does not require correct application of California's "some evidence" standard for denial of parole, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided.[2]  Id. at 861–62.  One of the petitioners before the Supreme Court in Swarthout was, like petitioner here, a prisoner who had been granted parole by the BPH but whose parole recommendation was subsequently reversed by the governor. 131 S.Ct. at 861.

      The Ninth Circuit has acknowledged that after Swarthout, substantive challenges to parole decisions are not cognizable in habeas.  Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir.2011).  The rule is the same when a petitioner challenges a decision by the governor rather than a decision of the parole board.  Styre v. Adams, 645 F.3d 1106, 1108–09 (9th Cir.2011).  Neither a claim that the governor's decision is usupported by evidence nor a claim that the governor failed to hold a second hearing can support habeas relief.  Id. at 1109.  Under Swarthout and Styre, this court simply may not consider petitioner's claim that the governor's decision violated due process.

      Petitioner raises three claims in the instant petition.  His first claim is that by reversing the parole suitability finding, the governor violated his due process and equal protection rights because he failed to set forth evidence that petitioner would pose an unreasonable risk of danger to public safety, and without such evidence the statute requires that a parole date be set.  He asserts that the BPH considered all of the issues raised in the governor's reversal and found petitioner entitled to parole.

      Petitioner's challenge to the sufficiency of the evidence underlying the governor's decision is not cognizable.  Under the Supreme Court's decision in Swarthout, this court may not

---

[2] Citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979), the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout, 131 S.Ct. at 862.

review whether California's "some evidence" standard was correctly applied in petitioner's case. Swarthout, 131 S.Ct. at 862–63.  Petitioner is only entitled to an opportunity to be heard and to be provided a statement of the reasons for the parole denial.  Id. at 862.  The transcript from the hearing indicates that petitioner was represented by counsel and both counsel and petitioner were present and had an opportunity to present their arguments.  (ECF No. 1, Ex. A.)  The record also indicates that the governor reviewed the record and informed petitioner why he reversed the BPH's decision, the entirety of his decision focusing on petitioner's risk of danger to society. (Id., Ex. B.)  The Due Process and Equal Protection Clauses require no more.

Petitioner next claims that the governor's reversal of the parole suitability finding violated due process and petitioner's plea agreement and "already earned credit provisions" and is "contrary to his performance as a model prisoner during his entire incarceration."  Petitioner claims that he has already surpassed his "aggravated term," and that he has met all of the requirements of state statutes implementing "specific performance requirements."  To the extent that petitioner contends that the governor's actions violated California law, his claims are not cognizable on habeas review.  Errors in application of state law are not cognizable in federal habeas corpus. Estelle v. McGuire, 502 U.S. 62, 67–68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991).

Petitioner's third claim is that "Sutter County Superior court's decision to deny petitioner habeas corpus relief is wrong and unreasonable in light of the facts/evidence presented and increases the disproportionality imposed by the governor's reversal of parole after petitioner's term had been set by the Board in accordance with his culpability for his crime."  Petitioner essentially argues that this disproportionality violates the Eighth Amendment proscription against cruel and unusual punishment.

Petitioner's Eighth Amendment claim is not cognizable.  The United States Supreme Court has upheld the constitutionality of indeterminate life sentences with the possibility of parole after a specified period of time such as the sentence imposed in petitioner's case. Lockyer v. Andrade, 538 U.S. 63, 74, 123 S.Ct. 1166 (2003); Ewing v. California, 538 U.S. 11, 30, 123 S.Ct. 1179 (2003).  "Generally, so long as the sentence imposed does not exceed the statutory

1  maximum, it will not be overturned on eighth amendment grounds." Belgarde v. Montana, 123
2  F.3d 1210, 1215 (9th Cir.1997).  Petitioner is serving an indeterminate life sentence and no
3  violation of the Eighth Amendment occurs merely because it is determined that he is unsuitable
4  for release on parole during the service of that prison term.  See Harris v. Long, 2012 WL
5  2061698, at *8 (C.D.Cal. May 10, 2012) ("[T]he Court is unaware of any United States Supreme
6  Court case holding that either the denial of parole and continued confinement of a prisoner
7  pursuant to a valid indeterminate life sentence, ... constitutes cruel and unusual punishment in
8  violation of the Eighth Amendment. Indeed, the Supreme Court has held that '[t]here is no
9  constitutional or inherent right of a convicted person to be conditionally released before the
10 expiration of a valid sentence.' ") (quoting Greenholtz v. Inmates of Neb. Penal and Correctional
11 Complex, 442 U.S. 1, 7, 99 S.Ct. 2100 (1979)); Prellwitz v. Sisto, 2012 WL 1594153, at *6
12 (E.D.Cal. May 4, 2012) (rejecting a similar Eighth Amendment claim and holding that "[w]hile
13 petitioner might have hoped or expected to be released sooner, the Board's decision to deny him a
14 parole release date has not enhanced his punishment or sentence."); see also Rosales v. Carey,
15 2011 WL 3319576, at *8 (E.D.Cal. Aug.1, 2011) ("[T]he Ninth Circuit has said that any
16 emotional trauma from dashed expectations concerning parole 'does not offend the standards of
17 decency in modern society.'") (quoting Baumann v. Arizona Dept' of Corrections, 754 F.2d 841
18 (9th Cir.1985)).

19     In fact, the Supreme Court has never found that a fifteen years to life sentence for second
20 degree murder violates the Eighth Amendment. Adams v. Gonzales, 2015 WL 429801, *5 (C.D.
21 Cal. Feb. 2, 2015).  As petitioner's sentence is a term potentially for his entire life, he will not
22 serve this term only *if* he is found suitable for parole and the governor does not reverse the
23 finding.  The fact that petitioner will have been incarcerated for longer than his base term if and
24 when he is found suitable for parole is of no consequence in light of his "life" sentence.
25 /////
26 /////
27 /////
28 /////

Accordingly, IT IS HEREBY ORDERED that:

1. This petition is dismissed with prejudice;

2. This action is closed; and

3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated:  February 22, 2016

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Holl0121.Parole